UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> DESIGNER TICKETS & TOURS, INC. d/b/a AAA ATTRACTIONS, <br><br> Defendant. | Case No. 8:24-cv-02335-AH-(JDEx) <br><br> **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

This matter came before the Court on the motion of Plaintiff The American Automobile Association, Inc. ("Plaintiff" or "AAA") to hold Defendant Designer Tickets & Tours, Inc. ("Defendant") in contempt.  Dkt. No. 34.  On June 5, 2025, the Court granted Plaintiff's Motion for an Order to Show Cause Re:  Contempt of Default Judgment.  Dkt. No. 39.  The Order required Defendant to file a response within thirty days from the date of service of that Order and also ordered Defendant to appear in person on July 16, 2025 to show cause why the Court should not hold Defendant in civil contempt for violating the Court's March 13 Default Judgment Order and Final Judgment.  *Id.*  Defendant failed to file any response and also failed to appear in Court on July 16, 2025.  Having considered Plaintiff's Motion for Contempt, the memorandum of points and authorities in support of the Motion, and the declaration and exhibit in support

thereof, Dkt. Nos. 34, 35; having given Defendant the opportunity to oppose; and good cause appearing, the Court makes the following findings of fact and conclusions of law:

## I.   FINDINGS OF FACT

1. Defendant knowingly and willfully violated Plaintiff's rights in its famous and distinctive AAA trademarks (the "AAA Marks"). Compl. ¶ 2, Dkt. No. 1. Defendant used and continues to use the AAA Marks in connection with the operation of a competing business. *Id.*

2. Based on this, AAA filed its Complaint against Defendant on October 28, 2024, alleging the following causes of action: (1) federal trademark infringement (Lanham Act § 32, 15 U.S.C. § 1114); (2) federal false designation of origin and unfair competition (Lanham Act § 43(a), 15 U.S.C. § 1125(a)); (3) cybersquatting (Lanham Act § 43(d), 15 U.S.C. § 1125(d)); (4) common law trademark infringement; (5) California statutory unfair competition (Cal. Bus. & Prof. Code § 17200); and (6) common law unfair competition. *See generally id.*

3. The Complaint sought injunctive relief, damages, attorney's fees and costs, prejudgment interest, and an accounting and payment to AAA of all profits derived by Defendant from its use of the AAA Marks. *See id.* at Prayer for Relief. AAA later decided to only seek injunctive relief in its Amended Application for Default Judgment, foregoing its claims for damages, attorney's fees and costs, prejudgment interest, and accounting and payment of profits. *See generally* Dkt. No. 27-2.

4.  AAA filed a proof of service of the Complaint and opening papers on November 8, 2024.  Dkt. No. 13.  Defendant failed to plead or otherwise defend the claims raised in the Complaint.

5.  On December 5, 2024, after expiration of Defendant's period to respond to the Complaint, AAA filed a Request for Entry of Default against Defendant.  Dkt. No. 15.

6.  The Court Clerk entered default against Defendant on December 9, 2024. Dkt. No. 16.

7.  On February 5, 2025, AAA filed an Amended Application for Default Judgment against Defendant.  Dkt. No. 27.

8.  Following oral argument on March 12, 2025, which Defendant failed to attend, Dkt No. 29, the Court issued an Order granting AAA's Amended Application for Default Judgment on March 13, 2025, Dkt No. 30, and issued a Final Judgment in AAA's favor and against Defendant on AAA's claims for relief.  Dkt. No. 31.

9.  The Final Judgment required Defendant to take various steps to end its infringement of the AAA Marks and comply with the Court's Order within thirty days of service of the Final Judgment.  *See* Dkt. No. 31.  The Final Judgment also included the following directive:  "Within thirty (30) days after service of the Judgment on Defendant, Defendant shall file with the Clerk of this Court and serve on Plaintiff, a report in writing, under oath, setting forth in detail its compliance therewith[.]"  *Id.* ¶ 6.

10. AAA filed proof of service of the Court's Order and Final Judgment on March 20, 2025. Dkt. No. 33.

11. Defendant failed to file the report required by the Final Judgment within the prescribed thirty days.

12. On May 1, 2025, AAA moved for an Order to Show Cause, Dkt. No. 34, seeking an order directing Defendant to appear and show cause why it should not be held in civil contempt for failure to comply with the Court's March 13 Default Judgment Order and Final Judgment, Dkt. Nos. 30, 31, and to pay AAA's costs and attorneys' fees incurred in attempting to enforce the Court's Order.

13. On May 20, 2025, AAA filed a proof of service of the Motion for an Order to Show Cause. Dkt. No. 36.

14. On June 4, 2025, the Court held a hearing on the Motion for an Order to Show Cause, where Defendant failed to appear. Dkt. No. 38.

*15.* The Court entered an Order on June 5, 2025, directing Defendant to respond to AAA's Motion within thirty days from the date of service of the Order as to why Defendant failed to comply with the Court's March 13 Default Judgment Order and Final Judgment, and setting a civil contempt hearing for July 16, 2025, where Defendant was required to appear. Dkt. No. 39. The June 5 Order required AAA to personally serve Defendant or its registered agent the March 13 Default Judgment Order, the Final Judgment, and the June 5 Order with seven days. *Id.*

16. On June 6, 2025, AAA filed a proof of service, showing personal service of the Court's March 13 Default Judgment Order, Final Judgment, and June 5 Order on Defendant. Dkt. No. 40.

17. Defendant failed to file any written response to the Court's June 5 Order. To date, Defendant has not responded to the Court's June 5 Order.

18. On July 16, 2025, the Court held an in-person hearing regarding why Defendant should not be held in civil contempt, and Defendant failed to appear. Dkt. No. 41.

## II. CONCLUSIONS OF LAW

1. "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as…[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

2. A court also has "inherent power to enforce compliance with [its] lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (citations omitted).

3. "A court has wide latitude in determining whether there has been contemptuous defiance of its order." *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984) (citing *Neebars, Inc. v. Long Bar Grinding, Inc.*, 438 F.2d 47, 48 (9th Cir. 1971)).

4. "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *F.T.C.*

v. *Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City and Cnty. of San Francisco,* 968 F.2d 850, 856 n.9 (9th Cir. 1992)); *see also Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997).

5. A party violates a court order when it fails to take reasonable steps to ensure that it complies with the order. *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006).

6. Contempt "need not be willful." *Id.* (cleaned up).

7. Once the moving party has satisfied its burden by establishing a violation, the "burden then shifts to the contemnors to demonstrate why they were unable to comply." *Affordable Media*, 179 F.3d at 1239 (quoting *Stone*, 968 F.2d at 856 n.9).

8. Defendant has failed to comply with the following Orders of this Court: (1) the March 13 Default Judgment Order and Final Judgment requiring Defendant to take various steps to end its infringement of the AAA Marks and to file a written report under oath detailing such compliance; and (2) the June 5 Order requiring Defendant to appear and show cause at an in-person hearing held on July 16, 2025 as to why it failed to comply with the March 13 Default Judgment Order and Final Judgment.

9. By failing to take any of the required steps to end its infringement of the AAA Marks and failing to file a written report under oath detailing those steps, Defendant failed to comply with the March 13 Default Judgment Order and Final Judgment.

10. By failing to appear at the July 16 hearing, Defendant failed to comply with the June 5 Order.

11. If Defendant had any intention of complying with either of the Court's Orders, it could have taken several reasonable steps to ensure compliance, including, for example: (1) filing a written response to the Court's June 5 Order; (2) appearing before this Court to acknowledge the Orders and request more time to adequately respond; or (3) taking down or otherwise deactivating Defendant's website at AAAATTRACTIONS.COM.

12. Defendant has taken no such reasonable steps.

13. There is no evidence to suggest Defendant is not fully capable of complying with the Orders.

14. Defendant has failed to offer any valid reason why it failed to comply with the Orders.

15. Accordingly, the evidence clearly and convincingly establishes that Defendant violated specific and definite orders of the Court. *Affordable Media*, 179 F.3d at 1239. Thus, Defendant may be held in civil contempt accordingly.

16. Coercive civil contempt sanctions are employed "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992) (citations omitted).

17.     "A court, in determining the amount and duration of a coercive fine, must 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'" *Id.* at 516 (quoting *United States v. United Mine Workers of America,* 330 U.S. 258, 304 (1947)).

18.     Here, AAA requests a fine of $250 per day fine and that Defendant should also pay $25,000 to AAA pursuant to 15 U.S.C. §§ 1117(d) and 1125(d)(l) for the unauthorized use of the domain name AAAATTRACTIONS.COM.  Dkt. No. 42-1 at 2.

19.     However, the record here is devoid of any evidence justifying the $25,000 amount payable to AAA or the $250 amount per day.  Courts have imposed large fines per day to compel compliance with an order when there were parties with access to significant financial resources.  *See, e.g., United States v. Wen–Bing Soong*, 2015 WL 5168786, at *4 (N.D. Cal. Sept. 3, 2015) (imposing a daily fine of $500 per spouse because the couple "appear[ed] to have tremendous financial resources[,]" including a privately-held corporation earning "revenues in excess of $200 million annually"); *Arabian Gas & Oil Dev. Co. v. Wisdom Marines Lines, S.A.*, 2017 WL 4390184, at *7 (N.D. Cal. Oct. 3, 2017) (imposing a daily fine of $500 when the plaintiff has "access to substantial resources").  Here, there is no evidence that Defendant has access to significant financial assets such that even a $250 daily fine would be necessary to coerce Defendant.

20. Accordingly, the Court finds that a fine of $50 per day payable to the Court is appropriate under the circumstances.

Based on the foregoing, the Court holds Defendant in contempt. The Court will issue a separate contempt order.

Date: August 22, 2025

_____

HON. ANNE HWANG

UNITED STATES DISTRICT JUDGE